UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERARDO SOLANA, | ) | CASE NO. 4:13cv1312 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA CHAPLAIN ZEYER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## INTRODUCTION

On June 13, 2013, *pro se* plaintiff Gerardo Solana, formerly a federal inmate at the Northeast Ohio Correctional Center (NEOCC), filed the above captioned *in forma pauperis* "Petition Pursuant to Bivens" against Corrections Corporation of America (CCA) Chaplain Zeyer. (Doc. No. 1.) On June 17, 2013, plaintiff filed a second pleading, entitled "Petition for Monetary Damages Pursuant to Bivens," naming as respondents CCA Warden Pugh, CCA Records Department Supervisor Jane Doe, and CCA Unit Manager Austin. (Doc. No. 3.) Together, these documents will be evaluated as "the complaint." Additionally, plaintiff has filed two motions to proceed *in forma pauperis*. (Doc. Nos. 2, 6.)

Plaintiff alleges in the complaint that he was denied cigars and other unspecified items for the practice of Santeria and was instead required to use NEOCC grievance procedures. He further alleges he was denied home confinement or placement in a community corrections center based on his nationality and place of birth. Plaintiff seeks to assert claims for "[f]ailure to perform duties," "[m]aking false statements," "[f]ailure to

provide religious items, as agreed," "[d]iscrimination against religious [belief]," "[i]ntentionally, maliciously, knowingly, purposely, neglectfully prevent[ing] the practice of petitioner's [belief,]" and, construing the complaint liberally, denial of equal protection of the laws based on national origin. (Doc. No. 1 at 1-2.) For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation omitted). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

As a threshold matter, plaintiff's factual allegations and legal claims are very generalized and are simply not sufficient, as a matter of law, to state a valid claim under the *Twombly/Iqbal* standard set forth above. Further, even had plaintiff set forth sufficient allegations to sustain a constitutional claim, NEOCC is a privately run prison, of which CCA is the private corporate owner. Constitutional claims against private prison officers and employees are generally not cognizable if remedies are available under state law. *Minneci v. Pollard*, 123 S. Ct. 617, 626 (2012). The complaint does not suggest plaintiff lacks or has sought state court remedies for his claims.

## CONCLUSION

For the foregoing reasons, the requests to proceed *in forma pauperis* are GRANTED and this action is DISMISSED under section 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: February 12, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**